**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jesus Hurtado-Ruiz, ) | No. 10-CV-0554-PHX-PGR (MHB) |
| ) | |
| Petitioner, ) | |
| v. ) | **ORDER** |
| ) | |
| Eric H. Holder, et. al., ) | |
| ) | |
| Respondents. ) | |
| ) | |

Before the Court is the Amended Report and Recommendation of the Magistrate Judge (Doc. 12) regarding Petitioner Jesus Hurtado-Ruiz's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1).

*Background*

The facts are fully set forth in the Amended Report and Recommendation and are summarized here only as necessary for the Court's analysis.

Petitioner is a native and citizen of Mexico admitted into the United States as an immigrant with an SA-1 classification. (Doc. 10, Ex. 2.) On October 14, 2009, the Department of Homeland Security ("DHS") issued a Notice to Appear, charging Petitioner as removable under 8 U.S.C. § 1226(c) as a criminal alien convicted of two crimes involving moral turpitude not arising out of the same scheme of criminal misconduct. (Ex. 7.)

At a hearing before the Immigration Judge ("IJ") on November 9, 2009, Petitioner admitted convictions for two crimes of moral turpitude, misdemeanor assault in 2006 and misdemeanor shoplifting in 2008. (Ex. 10 at 12–15.) The IJ entered a denial with respect to another count, a 2007 conviction for disorderly conduct. (*Id.* at 13.) The attorney for DHS

1 was given until November 30 to file the conviction documents with the court. (*Id.* at 18.)
2 Petitioner withdrew his request for a bond hearing. (Ex. 11.)

DHS submitted the conviction documents. (Ex. 12.) The IJ reserved judgment on the charge of removability and set a hearing for February 1, 2010. (*Id.* at 22.) On that date the IJ did not commence the hearing but issued a written order terminating removal proceedings. The IJ concluded that the government had not proved that Petitioner's convictions for disorderly conduct and assault were crimes involving moral turpitude. (Ex. 13.)

DHS filed a motion to reconsider on February 22, 2010, citing evidence of an additional charge, a 2001 shoplifting conviction, and arguing that it was prevented from offering this evidence by the IJ's order terminating proceedings prior to the February 1 hearing. (Ex. 14.) Before the IJ ruled on the motion to reconsider, DHS filed an appeal with the Bureau of Immigration Appeals ("BIA"). (Ex. 17.) The appeal is pending.

On May 27, 2010, the IJ issued an order denying Petitioner's request for change of custody status, noting that the court had "no jurisdiction pursuant to 236 of the Act." (Ex. 15.)

On March 11, 2010, Petitioner filed his habeas corpus petition. (Doc. 1.) He contends that he is being unlawfully detained because there are no pending charges of removability against him and that his prolonged detention violates his constitutional rights. (*Id.*)

In her Amended Report and Recommendation the Magistrate Judge agreed with Petitioner's arguments, concluding that DHS had no authority to continue detaining Petitioner after the IJ's order terminating the removal proceedings and that the length of his detention has exceeded constitutionally permissible limits. (Doc. 12.) On January 6, 2011, Respondents filed an Objection to the Amended Report and Recommendation. (Doc. 16.)

The court has carefully considered these objections and reviewed the Amended Report and Recommendation de novo. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1) (stating that the court must make a de novo determination of those portions of the Report and

- 2 -

Recommendation to which specific objections are made). For the reasons set forth below, the Court rejects the Amended Report and Recommendation and denies the Petition. *See* 28 U.S.C. § 636(b)(1) (stating that the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate").

*Analysis*

The arrest, detention, and release of aliens who are the subject of pending removal proceedings are governed by section 236(c) of the Immigration and Nationality Act ("INA"), which authorizes detention of aliens "pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Detention is mandatory for certain inadmissible or criminal aliens, including those charged with a crime of moral turpitude. 8 U.S.C. § 1226(c); *see Casas-Castrillon v. Department of Homeland Sec.*, 535 F.3d 942, 946 (9th Cir. 2008). The United States Supreme Court has held that mandatory detention under § 1226(c) is a constitutionally permissible part of the during removal process. *Demore v. Kim*, 538 U.S. 510 (2003).

In their Objection to the Amended Report and Recommendation, Respondents contend that Petitioner's removal proceedings remain open pending their appeal of the IJ's order and therefore DHS retains its authority to detain Petitioner. The Court agrees. Because the government's appeal is still pending, Petitioner is not subject to a final removal order. *See Armendariz-Montoya v. Sonchik*, 291 F.3d 1116, 1121 (9th Cir. 2000) (removal proceedings begin with the filing of a Notice to Appear and end when the BIA issues a decision, or earlier if there is no appeal); 8 C.F.R. § 1003.39; *see also Akinola v. Weber*, No. 09-3414, 2010 WL 376603, at *4 (D. N.J., January 26, 2010) (proceedings still pending where government appealed IJ decision concerning deferral of removal).

The remaining question is whether Petitioner's continued detention violates his constitutional rights. As the Magistrate Judge noted, Respondents failed to address the issue in their Response. (Doc. 12 at 6; *see* Doc. 10.) In their Objection Respondents take issue with

the Magistrate Judge's analysis of *Demore v. Kim* and *Tijani v. Willis*, 430 F.3d 1241 (9th Cir. 2005). Although the issue is close, the Court concludes that Respondents' objections are well taken.

In *Demore v. Kim* the Supreme Court explained that mandatory detention under § 1226(c) is permissible for the "limited period" necessary to complete removal proceedings. 538 U.S. at 526, 531. The Court noted that such detention "lasts roughly a month and a half in the vast majority of cases in which it is invoked, and about five months in the minority of cases in which the alien chooses to appeal." *Id.* at 530. While the Court characterized detention pursuant § 1226(c) as "limited" and "brief," *id.* at 523, 531, it did not hold that any particular length of time in a specific case would be presumptively unreasonable or unconstitutional.

In *Tijani* the Ninth Circuit addressed a habeas petition filed by an alien who had been detained for more than two and a half years. Distinguishing *Demore* on the grounds that the alien in that case conceded removability, the Court of Appeals concluded that § 1226(c) applied to "expedited" removal proceedings, explained that "two years and eight months of process is not expeditious," and remanded the petition to district court with instructions to grant the writ unless the Attorney General established that the alien was a flight risk or a danger to the community in a bail hearing before an IJ. 430 F.3d at 1242.

Petitioner's case is distinguishable. Petitioner has been in custody since October 14, 2009, a period of 16 months, far less than the 28 months the court found impermissible in *Tijani*. Petitioner has not shown that his continued detention is unjustified or related to any purpose beyond facilitating deportation. *See Demore*, 538 U.S. at 532–33 (Kennedy, J., concurring) (explaining that where there is "unreasonable delay" in deportation proceedings "it could become necessary then to inquire whether the detention is not to facilitate deportation or to protect against risk of flight or dangerousness, but to incarcerate for other reasons"). Here, Petitioner conceded removability based on his convictions for shoplifting

- 4 -

and assault. The IJ ruled that the assault was not a crime involving moral turpitude and terminated the removal proceedings without considering evidence that Petitioner had a second shoplifting conviction. Tijani's detention, by contrast, was "not the result of a criminal conviction; nor is it because he faces imminent removal . . . [but] because the government *may* be able to prove he is subject to removal." 430 F.3d at 1241 (Tashima, J., concurring).

Finally, while the removal proceeding continues pending the government's appeal, it will not be "indefinite" and "potentially permanent." *Zadvydas v. Davis*, 533 U.S. 678, 690–91 (2001). In *Zadvydas* the Court, addressing a different provision of the INA, held that post-removal detention is impermissible for aliens whose removal is "no longer practically attainable." *Id.* at 690. In *Prieto-Romero v. Clark*, 534 F.3d 1053, 1063 (9th Cir. 2008), however, the Ninth Circuit distinguished *Zadvydas* in ruling that the alien's three-year detention pending a final removal order was permissible. The court noted that unlike Zadvydas, Prieto-Romero "is not stuck in a 'removable-but-unremovable limbo'" and "there is no evidence that Prieto-Romero is unremovable because the destination country will not accept him or his removal is barred by our own laws." *Id.* (citations omitted). The court explained:

> Prieto-Romero foreseeably remains *capable* of being removed—even if it has not yet finally been determined that he *should be* removed—and so the government retains an interest in "assuring [his] presence at removal." His continued detention, while lengthy, is not indefinite. It remains authorized by § 1226(a) because it is consistent with the implicit limitation that *Zadvydas* requires us to read into the Attorney General's statutory detention authority. Other circuits have come to the same conclusion.

*Id.* at 1065 (citations omitted).

This rationale applies to Petitioner's detention under § 1226(c). It is consistent with the purpose of facilitating the deportation process and it has "a definite termination point." *Demore*, 538 U.S. at 529. There is no suggestion that following a final order of removal, Petitioner's removal to Mexico could not be effected in the reasonably foreseeable future.

- 5 -

**IT IS THEREFORE ORDERED** that the Amended Report and Recommendation (Doc. 12) is rejected.

**IT IS FURTHER ORDERED** that the Clerk of the Court enter judgment denying the Petition for Writ of Habeas Corpus (Doc. 1). The clerk shall terminate this case.

DATED this 16th day of February, 2011.

*/s/ Paul G. Rosenblatt*
Paul G. Rosenblatt
United States District Judge